## HAMILTON v. HAVERCAMP *et al.*

No. 2482. Opinion Filed February 11, 1913.

(130 Pac. 259.)

1. DEEDS—"Mistake of Law." When the parties to a deed are uncertain as to what estate the vendor has taken under the statutes of descent and distribution, and the land is conveyed to the vendee under the agreement that, when the courts have settled the law on the subject, the vendor shall be paid such a proportion of the entire purchase price of the land as his interest bears to the entire title, this does not constitute a mistake of law such as would justify a rescission of the contract and a cancellation of the deed. Comp. Laws 1909, sec. 1058.

2. APPEAL AND ERROR—Review—Findings of Trial Judge. The decision of the trial judge, the jury being waived, upon a question of fact, where the evidence is conflicting and where there is evidence reasonably tending to support the judgment, will not be disturbed in this court.

(Syllabus by Ames, C.)

*Error from the District Court, Okmulgee County; W. L. Barnum, Judge.*

Action by Ellen Hamilton against Bennie B. Havercamp and the Okmulgee Loan & Trust Company. Judgment for defendants, and plaintiff brings error. Modified and affirmed.

*Frank F. Lamb,* for plaintiff in error.
*Owen & Stone* and *Lex V. Deckard,* for defendants in error.

Opinion by AMES, C. The plaintiff alleged that she was the mother of Millie Hawkins, a citizen of the Creek Nation; that certain lands had been selected for Millie's allotment; that before deeds were delivered, and in September, 1899, Millie died unmarried, leaving the plaintiff and her father and some brothers and sisters surviving; that at the time of her death the land passed to her nearest relation by virtue of the Creek law of descent and distribution, and that plaintiff was the nearest relation; that in 1906 the defendant, the Okmulgee Loan & Trust Company, secured a deed from the plaintiff to the land, for which she was paid $2.50, and that certain false representations were made to induce her to execute the deed. The defendants admitted procuring the deed, but denied the false representations, alleging that prior thereto the trust company had procured a deed to the land from Thomas Hawkins, the father of Millie, and the former husband of the plaintiff, for the consideration of $800 paid to him; that the laws of the Creek Nation governed the descent of this land, and these laws were pleaded in full; that subsequently the deed was procured from the plaintiff; and that at the time she was paid $2.50, and it was agreed that whenever the court settled the descent of the land, so that the amount of her interest should be ascertained. She should be paid such a part of $800 as her interest in the land might bear to the entire estate therein. The case was tried to the court without a jury, and the court, upon the evidence, found that the averments of the answer were sustained, and entered a decree denying the plaintiff's prayer of cancellation, and requiring the defendants to pay to the plaintiff one-half of $800. In this court the defendants admitted that they should pay to the plaintiff the entire sum of $800, less the $2.50 previously paid, and under this admission it is unnecessary for us to pass upon any of the questions of law involved in this case; the only question remaining being one of fact, whether the plaintiff was in-

duced to make the conveyance by false representations, or whether it was made under a mutual mistake of law.

Under the findings of the court, both these questions must be resolved against the plaintiff, as the court found that the conveyance was made upon the agreement that the plaintiff should be paid $800 for the land, or that proportion of such amount, as the interest she inherited bore to the whole title. This being true, there was no mutual mistake of law, because neither party pretended to know what the law was, but both contracted with the uncertainty as to the law in mind, and upon the condition that, when the court should settle the law, payment should be made according to the decree of the court.

Under the decree of the trial court, the defendants were ordered to pay into the hands of the clerk of that court, $397.50, with interest at the rate of 6 per cent. per annum since the 9th day of October, 1906; in addition to that, and under the offer of the defendants in error made in this court, they are hereby directed to pay the additional sum of $400 into the hands of the clerk of this court for the benefit of the plaintiff in error, and as thus modified, the decree of the district court should be affirmed.

By the Court: It is so ordered.